IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, Inc.,

    Plaintiff,

v.                                          Civil No. 03-57 WJ/LFG

URBANO SENA, ARLIS BROWN, RALPH
CONTRERAS, WAYNE DAHL, JAYCOB
GABALDON, RICH GALINDO, GLEN GARES,
CHAD GILMAN, JOHNNY GREENE,
JAKE HADDOCK and MICHAEL MADRID,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING DEFENDANTS BASED ON MISJOINDER

THIS MATTER comes before the Court pursuant to the Court's Order to Show Cause How Defendants are Properly Joined filed January 21, 2004 [Docket No. 94]. Having reviewed Plaintiff's Response to the Order to Show Cause [Docket No. 98] and being fully advised on the law, I find that Defendants are not properly joined under Fed. R. Civ. P. 20.

The purpose of Rule 20 is to promote trial convenience, expedite the final determination of disputes, and avoid multiple lawsuits. See 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001). Rule 20 imposes two requirements for permissive joinder of defendants. First, there must be a right to relief asserted against the defendants in respect of or arising out of the same transaction or occurrence. Second, there must be a common question of law or fact with respect to all defendants that will arise in the

case.  Both of these requirements must be met in order to join defendants under Rule 20.  Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

While the requirement of commonality is easily satisfied in most cases, the transactional relatedness requirement is more difficult to assess.  James Wm. Moore, Federal Practice § 20.02[1][a] (3d ed. 2003).  There is no bright line test for transactional relatedness, and the facts of each particular case must be assessed individually to determine whether joinder is sensible.  Id. at § 20.05[1].  The transactional relatedness test is not an obscure test unique to Rule 20 as it is also used to analyze cross-claims and counterclaims under Fed. R. Civ. P. 13.  See Arch Mineral Corp. v. Lujan, 911 F.2d 408, 412 (10th Cir. 1990).  While the language of Rule 13 and Rule 20 is not identical, the transactional relatedness requirement is analyzed in the same manner under both rules.  Moore, supra, § 20.05[2]; Wright et al., supra, § 1653; see also King v. Pepsi Cola Metro. Bottling Co., 86 F.R.D. 4, 5 (E.D. Pa. 1979) (analogizing the transactional relatedness requirements of Rule 13 and Rule 20).  The essence of the transactional relatedness requirement is a test of logical relationship.  See Fox v. Maulding, 112 F.3d 453, (10th Cir. 1997).

In the instant case, there is arguably a common question of law or fact among the various Defendants.  However, it is clear that Plaintiff's right to relief against each Defendant is not transactionally related to the other Defendants.  Plaintiff's Complaint alleges that each Defendant purchased a "pirate access device" from one of several distributors or vendors of such devices, each Defendant lives in or conducts business in New Mexico, and each Defendant's alleged order for a "pirate access device" was shipped by a vendor through the same shipping facility.  See Plaintiff DirecTV Inc.'s Original Complaint ¶¶ 6, 7, 11, 15 - 25, 27 and 30.

Plaintiff does not argue that the Defendants are properly joined because they all conduct business or live in New Mexico.  That would certainly be too tenuous, remote and coincidental a connection to justify permissive joinder under Rule 20(a).  Instead, Plaintiff argues that a sufficient relationship among the Defendants is established by the fact that each Defendant engaged in the same general type of allegedly illegal conduct and that the same shipping facility was used by various vendors to ship "pirate access devices" to each Defendant.  See e.g., DirecTV's Brief in Response to the Court's Order to Show Cause [Docket No. 36] pp. 5, 8.  Essentially, DirecTV urges that these similarities are the type of logical relationship that shows a single transaction or occurrence or series of transactions or occurrences.

The alleged similarity of all the Defendants' conduct does not create a logical relationship among the Defendants such that permissive joinder is justified under Rule 20.  Plaintiff does not allege that the Defendants acted in concert or with a common plan.  There is no common transaction or occurrence or series of transactions or occurrences logically connecting the Defendants to one another.  Therefore, the Defendants in this case are misjoined under Fed. R. Civ. P. 20.

Fed. R. Civ. P. 21 provides that "misjoinder of parties is not grounds for dismissal of an action."  Here, the Court does not propose dismissal of Plaintiff's action, but rather dismissal of all but the first named Defendant in the action.  The Court recognizes that other federal district courts addressing misjoinder of claims in similar cases brought by DIRECTV, Inc. have severed defendants and created new cases for each defendant named in an action.  See DIRECTV, Inc. v. Hurst, Civil No. 03-674-F (W.D. Okla. Aug. 8, 2003) (unpublished Order) (concluding that dismissal of misjoined defendants was not appropriate and severing the claims against the various

3

defendants); In re Cases Filed by DIRECTV, Inc., Supplemental General Order No. 2003-23 (N.D. Ohio Jun 18, 2003) (unpublished Order) (setting out a complex procedure to sever defendants in 44 cases involving approximately 320 defendants). Ordering the Clerk of Court for the District of New Mexico to sever out numerous misjoined Defendants would, however, place a heavy burden on the Clerk whose staff is already overburdened with a huge number of southwest border related cases. The burden of correcting the misjoinder should properly be placed on Plaintiff as it was Plaintiff's decision to group these Defendants together in filing this case.

Additionally, while Rule 21 provides that an action may not be dismissed for misjoinder, it does provide that "parties may be dropped or added by order of the court on motion of any party or of its own initative at any stage of an action and on such terms as are just." Thus, in accordance with Rule 21, I will order that all Defendants other than Urbano Sena, the first named Defendant in the instant case, be dismissed from this action without prejudice. Plaintiff may refile its Complaint against each Defendant dismissed from this case provided that Plaintiff files a separate Complaint and pays a separate filing fee with regard to each Defendant.

**CONCLUSION**

IT IS THEREFORE ORDERED that pursuant to Fed. R. Civ. P. 21, Defendants Arlis Brown, Ralph Contreras, Wayne Dahl, Jaycob Gabaldon, Rick Galindo, Glen Gares, Chad Gilman, Johnny Greene, Jake Haddock and Michael Madrid are hereby DISMISSED from this action WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that if Plaintiff DIRECTV, Inc. elects to reassert its claims against these Defendants by filing separate cases against them within 30 days of this Order, the

newly filed Complaints shall relate back to the date on which the original Complaint in this case was filed.

      IT IS FURTHER ORDERED that this case shall remain pending as to Defendant Urbano Sena.

      IT IS FINALLY ORDERED that the caption of this case is hereby amended as follows:

**DIRECTV, INC.,**

    **Plaintiff,**

**v.**                                             **Civil No. 03-0057 WJ/LFG**

**URBANO SENA,**

    **Defendant.**

_____
UNITED STATES DISTRICT JUDGE